UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-10072-CIV-KING/MCALILEY

EYEPARTNER, INC.,

        Plaintiff,

v.

KOR MEDIA GROUP LLC d/b/a
GLOVUE, et al.

        Defendants.
_____/

## ORDER ADOPTING SPECIAL MASTER REPORT

On August 14, 2013, the Special Master issued a letter report setting forth his recommendation for the appointment of a third-party neutral computer forensic expert, as required by the Order Granting Preliminary Injunction. [DE 91, pp. 14-5, ¶¶ 3, 4, 5, 7]. The letter report is attached as Exhibit A.

The parties were unable to agree on an expert and, after hearing from all parties, the Special Master recommends that: "the court appoint [Kelly J.] Kuchta as the neutral computer forensics expert in this case. I further recommend the court require Mr. Kuchta to certify that any subordinates he employs have the necessary expertise and that he will supervise, and be responsible for, their work." I have carefully reviewed the Special Master's letter report and find it to be well-reasoned. None of the parties have raised any objections to the letter report.

Based on the foregoing, the Court ORDERS that:

Kelly J. Kuchta is appointed as the neutral computer forensics expert in this action. No later than 7 days from the date of this Order, Mr. Kuchta shall certify to the parties, in writing, that any subordinates he employs for work done on this matter have the necessary expertise and that he will supervise, and be responsible for, their work. Mr. Kuchta shall be compensated at his typical hourly rate, payable 50% by each party.[1]

DONE and ORDERED in chambers in Miami, Florida this 26th day of June, 2013.

*CHRIS McALILEY*
UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable James Lawrence King
Counsel of record

---

[1] The special master also recommends that "the Court issue a new [O]rder revising the discovery deadlines and explicitly allowing the parties to stipulate reasonable extensions as necessary." I do not address this recommendation, as it is properly before the presiding District Court Judge.

# BOIES, SCHILLER & FLEXNER LLP

100 SOUTHEAST 2ND STREET•SUITE 2800•MIAMI, FL 33131-2144•PH. 305.539.8400•FAX 305.539.1307

August 14, 2013

The Honorable Chris M. McAliley
United States District Court
Southern District of Florida
301 North Miami Avenue, 6th Floor
Miami, Florida 33132

Re: *EyePartner, Inc. v. Kor Media Group LLC et al.*, Case Number: 13-civ-10072-JLK

Dear Judge McAliley,

Pursuant to my role as a Special Master in the above-captioned matter, this letter is to inform you of a discovery dispute between the parties under the Court's Order Granting Preliminary Injunction, dated July 15, 2013 ("The Order").

The Court ordered the parties to "stipulate and agree to a set of one or more third-party neutral computer forensics experts" for the limited purposes of (1) "us[ing] reasonable technological measures to image and preserve" the relevant electronic data sources; and (2) "provid[ing] to Plaintiff . . . under a tier-two [sic] designation under the Court's previously entered Protective Order (DE #39), the complete image[s]" of those data sources (less information [identified by Defendants as privileged or irrelevant]". The parties were ordered to select the expert(s) by August 7, 2013, or the Court would appoint them. (Order at numbered paragraphs 4, 5, 7).

Although the parties each proposed potential experts as required under the Order, the parties informed me that they were unable to agree on a neutral expert by the August 7 deadline. Accordingly, I held a Special Master hearing on August 13, 2013 and both parties had an opportunity to present their positions. After hearing arguments from both parties, I recommend the Court appoint Plaintiff's proposed expert, Kelly J. "K.J." Kuchta. who I believe is most likely to have the requisite expertise and ability to fulfill his Court-ordered role.

### Relevant Expertise

Taking the position that the Order only directs the expert(s) to engage in forensic tasks (imaging, segmentation, production) and not an advisory role, Plaintiff suggested two experts with strong credentials in computer forensics. Defendants argued the forensic tasks were perfunctory and that the expert(s) should also have expertise in PHP, the computer language in which many of the relevant files are written. Defendant considered this expertise a necessity so the experts could advise me or the Court should there be any privilege log disputes. Defendants' proposed experts therefore had software development and analysis experience, but they had no forensic expertise.

I recommend that the Court appoint one of Plaintiff's experts because the Order requires a *forensic* expert, and only Plaintiff's experts have *forensic* expertise.

The Order does not contemplate the neutral expert opining or advising on privilege log issues. It specifically limits the expert's involvement to imaging the data, excising information designated as privileged by the Defendant, and producing the image to the Plaintiff. <u>Order</u> at 3 (court orders the parties to "propose a list of . . . neutral *computer forensics* experts *for purposes of imaging those computers*"; 5 (the "third-party neutral *forensics* expert . . . shall use reasonable technological measures *to image and preserve such data*."); 7 ("neutral forensics experts *shall provide to Plaintiff* . . . the complete image (*less information* [designated privileged or irrelevant])" (emphasis added).

In fact, the order specifically delegates the task of producing the privilege log to the Defendant alone (i.e., without court-appointed expert assistance). <u>Order</u> at 6 ("*Defendants* shall prepare . . . a detailed written log of any [data] . . . they suggest constitute privileged [or irrelevant] information . . . *Defendants* shall segregate [such information] . . ."); 7 (the "neutral forensics experts shall provide to Plaintiff . . . the complete image (less information *segregated by Defense counsel* in good faith as privileged or not tangentially relevant). . ." (emphasis added).

Of course, the parties may engage their own experts (if necessary) to help present substantive arguments as to the privilege log or anything pertaining to the merits of the case, should the need arise.

Both of Plaintiff's experts appear qualified in the relevant expertise. However, I was impressed with the organization and preparedness Mr. Kuchta showed in proposed scheduling correspondence submitted to me by the Defendant.

Mr. Kuchta has been involved in the forensic field for 17 years and has conducted over 5000 investigations. He has taken eight computer related courses in forensics and e-discovery. He has given many presentations on e-discovery, contributed to the original Sedona Principles, and testified before the ABA Judicial Conference Committee on the Rules of Practice and Procedure regarding amendments to the Federal Rules of Practice and Procedure regarding Electronic Discovery.

By contrast, Defendant's two experts were software experts with no previous expertise in forensic imaging, i.e., the relevant expertise. Consequently, they are inappropriate for the task at hand.

I recommend the court appoint Mr. Kuchta as the neutral computer forensics expert in this case. I further recommend the court require Mr. Kuchta to certify that any subordinates he employs have the necessary expertise and that he will supervise, and be responsible for, their work.

### Time Considerations

In part because of the dispute, and also because of the complex nature of the task at hand, the parties agree that it will likely be impossible to meet the discovery deadlines laid out in the Order. However, the parties confirmed that, given input from the expert after the scope of the

data becomes more clear, they would likely be able to agree on reasonable timeframes for: imaging the data, preparing the privilege log, and producing the data. I recommend that the Court issue a new Order revising the discovery deadlines and explicitly allowing the parties to stipulate reasonable extensions as necessary.

Thank you,

Stephen N. Zack
Special Master

cc: Counsel for both parties